William R. BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42340.

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Bob Tarrant, Houston, for appellant.

D. Brooks Cofer, Dist. Atty., Bryan, W. T. (Tom) McDonald, Jr., Bryan, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is burglary; the punishment, five years.

Appellant contends that the evidence does not come within any of the statutory provisions authorizing his arrest without a warrant; and that the search of the pickup at another place than were he was arrested was not incident to his arrest and the results thereof were not admissible in evidence.

While Officer Dicky, a police officer in Bryan, was on routine patrol, he noticed a GMC pickup truck about 1:40 a. m., moving along a street with its unenclosed bed stacked high with what appeared to be auto parts, including a plastic type swimming pool, car antenna, and several boxes "fixing to fall off"; that he followed the pickup after it crossed Texas Avenue to Duncan, then to Maloney and on to Howard Street and back to Texas Avenue and when it turned onto Oak Street Dicky saw one of the boxes fall off and the driver (appellant) stopped and both he and Dicky got out and the appellant put the box back on the pickup. Dicky saw what he thought was a magnesium car wheel in the box that fell off which was broken open. When asked, the appellant told Dicky that he was a wholesale dealer out of Houston, that he had bought the merchandise in Waco for twenty-nine dollars and was taking it to Houston, but when asked for a bill of sale he could not produce one for the merchandise. According to Dicky "there was quite a bit of merchandise" on the pickup "for twenty-nine dollars." Appellant stated that he was in business for himself, but he could not give Officer Dicky the name of the business.

While Officer Dicky and appellant were talking in the street at the scene where the box fell off the pickup, the following occurred:

"A  I (Officer Dicky) asked Mr. Brown (appellant) if he would mind coming to the Police Station to verify his story and check it out.

"Q  What did he do?

"A  He said he would be glad to.

"Q  Then what did you all do?

"A  We went to the Police Station."

Shortly after they arrived at the police station, Officer Dicky saw the name and address of "Firestone Store, Bryan, Texas" on the side of the boxes which were in open view on the bed of the pickup. Within a brief time it was determined that the Firestone Store in Bryan had been burglarized.

The facts and circumstances in evidence were sufficient to constitute probable cause and authorize the arrest of the appellant without a warrant. Art. 14.03, Vernon's Ann.C.C.P.

Even though a crow bar was found on the bed of the pickup when about forty boxes containing magnesium automobile wheels, chrome hub caps and other merchandise of the value of nine hundred dollars were removed, it is concluded that no question of the validity of the search of the pickup is presented.

It was later shown that the bar was used to force open the window of the building which contained said merchandise.

Grounds of error Nos. One and Two are overruled.

The judgment is affirmed.